FILED & ENTERED

JUN 02 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:20-bk-18117-MH |
| JUANA FLORDELIZA PHILLIPS | Chapter: 7 |
| Debtor. | **ORDER DENYING MOTION TO CONVERT FROM CHAPTER 7 TO 13** |
| | <u>Hearing Held:</u> |
| | Date: May 26, 2021<br>Time: 11:00 a.m.<br>Place: 3420 Twelfth St.<br>Riverside, CA 92501<br>Courtroom: 303 |

Juana Floredeliza Phillips ("Debtor") filed a Chapter 13 voluntary petition on December 29, 2020. Debtor's case was converted to Chapter 7 on February 8, 2021. On April 6, 2021, Debtor filed the instant motion, now seeking to convert her case back to a Chapter 13.

On May 3, 2021, Debtor filed a Declaration re: non opposition to the motion. The same day, the Court entered an order as follows:

- 1

    The Court notes that, contrary to the assertion in the motion, the instant case was previously converted on February 8, 2021. The caselaw is split regarding whether a debtor may reconvert a case under 11 U.S.C. § 706(a), and, if so, what showing is required. *See generally In re Banks*, 252 B.R. 399 (Bankr. E.D. Mich. 2000) (providing summary of caselaw). Under any interpretation of § 706(a), Debtor has not made the required showing, given that the instant motion is skeletal and contains no admissible evidence. Debtor may file a supplemental brief addressing the permissibility of reconversion under § 706(a), and the appropriate legal standard to apply, by no later than May 11, 2021.

[Dkt. 44]. Debtor has not filed a supplemental brief.

11 U.S.C. § 706(a) states: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." Here, Debtor's case was previously converted under § 1307.

"Courts are divided as to whether the debtor can re-convert a case that has been previously converted." GINSBERG & MARTIN ON BANKRUPTCY § 12.13[A] (5th ed. 2017-2); *see also In re Masterson*, 141 B.R. 84, 87 (Bankr. E.D. Pa. 1992) ("The courts appear to be evenly divided on the issue of whether a 'second conversion' of a case previously converted to Chapter 7 is *ever* permissible.") (collecting cases). The courts that have determined that § 706(a) bars subsequent reconversion have primarily relied upon the plain language of the statute, but have also considered the legislative history. *See In re Banks*, 252 B.R. 399, 400 (Bankr. E.D. Mich. 2000). One court has stated the following:

    Unfortunately, for the debtor, the language of Section 706 clearly bars a debtor from converting a case from Chapter 7 to Chapter 13 more than once. Subsection (a) of that section states in relevant part that a "debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under

> Section 1112 or 1307 of this title.  The language of this statute is not discretionary.  By its plain meaning it bars the debtor from this second attempt at conversion.  Moreover, there is no case law supporting a discretionary right.  At least one other bankruptcy court has arrived at this conclusion, *In re Bumpass*, 28 B.R. 597 (Bankr. S.D.N.Y. 1983), and this Court shares that view.

*In re Nimai Kumar Ghosh*, 38 B.R. 600, 603 (Bankr. E.D.N.Y. 1984) (emphasis added) (footnote omitted).

As the court implicitly concluded in *Nimai Kumar Ghosh,* the phrase "if the case has not been converted" appears to modify the entirety of the first clause, not simple the language "at any time."  The phrase "at any time" is not set off from the remainder of the clause in any fashion. Therefore, section 706(a) is only applicable if the case has not been converted previously.  The remaining question is, if § 706(a) is inapplicable, can a debtor resort to any other mechanism in order to convert her case?

Courts that have permitted a reconversion appear to fall into two categories.  First, some courts appear to believe that, when § 706(a) is inapplicable, the default position is that the court has discretion to allow conversion based on policy grounds.  *See, e.g.*, *In re Masterson*, 141 B.R. at 88.  Other courts have turned to § 706(c).  *See, e.g.*, *Matter of Johnson*, 116 B.R. 224, 225 (Bankr. Idaho 1990); *In re Sensibaugh*, 9 B.R. 45, 46 (Bankr. E.D. Va. 1981).  Section 706(c) states: "[t]he court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion."  While the plain language of § 706(c) indicates that it operates as a restraint on a court's authority, not as a source of authority, courts that have utilized this provision appear to conclude that if the debtor consents to or requests conversion, the court has discretion to permit such conversion.

A third possibility is that a debtor could seek voluntary dismissal or conversion under § 707, consent to conversion, and allow the court to determine whether dismissal or conversion was more appropriate in the circumstances. This approach would have the disadvantage of possibly resulting in dismissal of the case, but it would seem to solve the statutory interpretation issues encountered by the alternative approaches.

Nevertheless, the Court need not determine whether reconversion is permitted under § 706(a) because, if the Court were to conclude that reconversion is discretionary, Debtor has not demonstrated that the exercise of such discretion would be appropriate, nor has Debtor filed any supplemental brief or evidence in response to the Court's May 3rd order. Debtor has already had a Chapter 13 case dismissed in the previous year. More importantly, at the time Debtor converted to Chapter 7, Trustee had an outstanding objection to the confirmation of her Chapter 13 plan for *inter alia*, failure to appear at the 341(a) meeting and to make plan payments. On that record, Debtor appears to be unable to successfully complete a Chapter 13 case.

Given Debtor's history in bankruptcy, the absence of any legal argument in Debtor's motion and the absence of any evidence suggesting a change in circumstances that would allow Debtor to be successful in a Chapter 13 proceeding, reconversion of the case, even if the Court were to conclude that such reconversion was legally permissible, is inappropriate. Therefore, the motion is DENIED.

###

Date: June 2, 2021

Mark Houle
United States Bankruptcy Judge